UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROCHELLE GILLIAM, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 4:18-CV-526 NAB |
|  | ) |  |
| AUDRA S. GOOCH, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER[1]

This matter is before the Court on Defendant Audra Gooch's Motion to Strike. [Doc. 3.] Plaintiff has not filed a response to Defendant Gooch's Motion and the time to do so has now passed. For the following reasons, the Court will deny Defendant Gooch's motion.

Plaintiff originally filed this personal injury action in state court against Defendants Gooch and State Farm Mutual Automobile Insurance Company ("State Farm"). Defendant Gooch removed the action to this court. The Court dismissed State Farm from this action on May 2, 2018. Defendant Gooch's motion to strike requests that the Court strike paragraphs 11(c) and 11(d) from Count I of Plaintiff's Petition and Count II of Plaintiff's Petition in its entirety. [Doc. 3.]

The Court may strike from a pleading an insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Because the rule is stated in the permissive, it has always been understood that district courts enjoy liberal discretion in granting the motion. *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000). "Despite this broad discretion however, striking a party's pleadings is an extreme measure, and

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

as a result [the court] has previously held that motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted." *Id.* "A matter is immaterial or impertinent when the matter is not relevant to the resolution of the pending issue." *Century Sur. Co. v. Royston Enterprizes, LLC*, No. 4:15-CV-152 RLW, 2015 WL 4635309 at *2 (E.D. Mo. Aug. 3, 2015) (citing *Schmidt v. Hosley Int'l, Inc.,* No. 4:15–CV–614–CEJ, 2015 WL 4134338, at *2 (E.D. Mo. July 8, 2015) (citation omitted)). "Matter will not be stricken unless it clearly can have no possible bearing on the subject matter of the litigation." *Id.* (citing *Haynes v. BIS Frucon Eng'g, Inc.,* No. 4:08–CV–701 CAS, 2008 WL 4561462, at *1 (E.D. Mo. Oct. 10, 2008)). The information need not be strictly relevant to the cause of action and may be used to provide context and background to a plaintiff's suit or pertain to the object of the suit. *Stanbury,* 221 F.3d at 1062-63.

In this case, Defendant's motion to strike Count II is moot as that count asserted claims against State Farm, which has already been dismissed from this action. Plaintiff asserts that paragraphs subparagraphs 11(c) and 11(d) fail to state specific allegations of negligence. Subparagraphs 11(c) and 11(d) are subparts of Count I and cannot be read in isolation from the other portions of paragraph 11. Also, Defendant does not provide legal support for her assertion that these subparagraphs meet the standard of being stricken under Rule 12(f). Therefore, the Court will deny Defendant's motion to strike. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Gooch's Motion to Strike is **DENIED as moot** as to Count II and **DENIED** as to Count I. [Doc. 3.]

Dated this 9th day of May, 2018.

                                           /s/ Nannette A. Baker
                                           NANNETTE A. BAKER
                                           UNITED STATES MAGISTRATE JUDGE